Filed 11/18/22; Certified for Publication 12/14/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B318174 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA094950) |
| v. | |
| PHILLIP CASTRO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Phillip Castro appeals from a judgment entered after he pleaded no contest to carrying a loaded, unregistered handgun in a vehicle. He contends a warrantless search of his vehicle, during which a police officer discovered the handgun, did not fall within the automobile exception to the Fourth Amendment's warrant requirement, and the trial court should have suppressed the evidence from the vehicle search on his motion under Penal Code section 1538.5.[1] For the reasons explained below, we reject his contention and affirm the judgment.

BACKGROUND

## I. Castro's Detention and the Vehicle Search

Castro's various motions to suppress evidence from the vehicle search were based on Los Angeles Police Department Officer Miguel Zendejas's testimony at Castro's April 23, 2021 preliminary hearing, which we summarize here.

On June 22, 2020, when the vehicle search occurred, Officer Zendejas was assigned to the Foothill Gang Enforcement Detail, and he had been a sworn peace officer for nine and a half years. Around 10:20 p.m., Officer Zendejas and his partner, Officer Organista, were riding in a marked patrol car when they observed two males sitting in a car parked on a public street. Officer Organista "was able to run the registration on the vehicle which came back expired." As the patrol car approached the parked car, both cars with windows rolled down, Officer Zendejas "noticed there was a strong odor of marijuana coming from inside the vehicle." He further described it as "the smell of burnt marijuana." Based on the "expired registration, and pending a narcotics investigation," the officers initiated a traffic stop.

---

[1] Undesignated statutory references are to the Penal Code.

Officer Zendejas exited the patrol car and made contact with Castro, who was sitting in the driver seat of the parked car. Officer Zendejas recognized the male sitting in the front passenger seat and another male lying in the backseat (who appeared to be hiding) from prior encounters with them, and he knew they were minors. Officer Zendejas asked Castro if they had been smoking, and Castro responded affirmatively. Castro said he had smoked marijuana two hours earlier. Castro also said he was 20 years old, and the car was his. Officer Zendejas testified, because the three males were "not allowed to possess or smoke marijuana under the age of 21," the officers ordered them to exit the car and handcuffed them for officer safety (due to the area where the stop occurred and Officer Zendejas's knowledge that Castro's passengers were gang members).

The officers "conducted a narcotics investigation search" of Castro's car. Officer Zendejas explained he "had reason to believe that there was still marijuana in the car based on the current smell of marijuana coming from inside the car," and Castro's admission he had smoked marijuana. Officer Zendejas found a Xanax pill and one round of nine-millimeter ammunition in the closed center console of the car. Thereafter, Officer Zendejas opened the trunk and found an open duffle bag that contained an operational and loaded nine-millimeter handgun with no serial number on it. After Officer Organista advised Castro of his *Miranda* rights, Castro admitted the handgun was his. There is no indication in the record that the officers found marijuana.

## II. Motions to Suppress Evidence From the Vehicle Search

Castro made a motion to suppress evidence from the vehicle search (§ 1538, subd. (a)(1)(A)), and the motion was heard

after Officer Zendejas testified at the preliminary hearing. Defense counsel argued the warrantless search of Castro's car did not fall within the automobile exception to the Fourth Amendment's warrant requirement. After hearing opposing argument from the deputy district attorney, the magistrate granted Castro's motion to suppress, relying on *In re D.W.* (2017) 13 Cal.App.5th 1249, a case which examined whether a search of a minor's "person was invalid under the Fourth Amendment because it did not properly fall within the exception to the warrant requirement *for a search incident to an arrest*." (*Id*. at p. 1251, italics added.)[2] The magistrate also granted Castro's motion to dismiss the case, which the deputy district attorney agreed she had no ground to oppose after the magistrate's suppression of the evidence.

On May 7, 2021, the district attorney filed a motion for an order compelling the magistrate to reinstate the complaint under section 871.5, arguing the magistrate's dismissal of the case after improper suppression of evidence was erroneous as a matter of law. Castro filed an opposition to the motion. On June 8, 2021, after hearing oral argument from the parties, the trial court (Judge David Walgren) granted the district attorney's motion, concluding the magistrate erred as a matter of law in granting Castro's motion to suppress evidence and subsequently dismissing the complaint. The court explained it found *D.W.*— the case the magistrate relied on in suppressing the evidence—to be inapplicable because it concerned a warrantless search

---

[2] The question on appeal here is whether the warrantless search of Castro's vehicle falls within the automobile exception, an issue not addressed in *D.W.* On appeal, Castro does not rely on *D.W.*, thus we do not discuss the case further.

4

incident to arrest and not a warrantless search under the automobile exception. The court cited *People v. Strasburg* (2007) 148 Cal.App.4th 1052 in support of its conclusion the odor of marijuana and Castro's age provided probable cause for the officers to search Castro's car because Castro could not lawfully possess marijuana. (See *id.* at p. 1059 ["Under the facts and circumstances of this case, [the deputy] had probable cause to search [the] defendant's car for marijuana after he smelled the odor of marijuana"].) The matter was sent back to the magistrate, and Castro was held to answer.

On June 29, 2021, the district attorney filed an information charging Castro with carrying a loaded, unregistered handgun in a vehicle. (§§ 25850, subd. (a) & 25850, subd. (c)(6).) The same day, Castro moved to set aside the information under section 995. At a hearing on July 13, 2021, the trial court (Judge Daniel Feldstern) denied Castro's section 995 motion, in which Castro renewed his claim that the court should suppress the evidence from the vehicle search. Judge Feldstern stated he agreed with Judge Walgren's rationale for concluding the officers had probable cause to search Castro's car under the automobile exception (as summarized above). The matter was transferred back to Judge's Walgren's courtroom.

On July 20, 2021, Castro filed a "de novo" motion to suppress evidence from the vehicle search. The district attorney filed an opposition to the motion. At a hearing on September 8, 2021, the trial court denied the motion, noting it was based on the same arguments the court had already rejected.

### III. No Contest Plea

On November 30, 2021, Castro waived his constitutional rights and pleaded no contest to carrying a loaded, unregistered

handgun. On January 25, 2022, the trial court suspended imposition of sentence and placed Castro on probation for two years, with search and seizure conditions and dangerous and deadly weapons prohibitions. As a condition of probation, the court ordered Castro to serve 120 days in jail, which amounted to time served (60 actual days in custody, plus 60 days of conduct credit).

Castro filed a timely notice of appeal, indicating he was challenging the denial of his motion to suppress evidence under section 1538.5.

## DISCUSSION

Castro contends the trial court erred in declining to suppress the evidence from the warrantless vehicle search, arguing the search does not fall within the automobile exception to the Fourth Amendment's warrant requirement. In reviewing the trial court's denial of Castro's motion to suppress evidence, "we defer to the magistrate's factual findings [where supported by substantial evidence] and, exercising our independent judgment, determine whether, 'on the facts so found, the search or seizure was reasonable under the Fourth Amendment.'" (*People v. McGee* (2020) 53 Cal.App.5th 796, 800 (*McGee*), quoting *People v. Glazer* (1995) 11 Cal.4th 354, 362.) As set forth above, the magistrate took the facts from Officer Zendejas's testimony at Castro's preliminary hearing, which we summarized above.

The Fourth Amendment to the Constitution of the United States protects against unreasonable searches and seizures of private property. (U.S. Const., art. IV.) "In general, a law enforcement officer is required to obtain a warrant before conducting a search." (*People v. Lopez* (2019) 8 Cal.5th 353, 359.) Warrantless searches "are per se unreasonable under the Fourth

6

Amendment—subject only to a few specifically established and well-delineated exceptions." (*Katz v. U.S.* (1967) 389 U.S. 347, 357, fn. omitted.) "The prosecution bears the burden of establishing an exception applies." (*People v. Hall* (2020) 57 Cal.App.5th 946, 951.)

"Under the so-called automobile exception[,] officers may search a vehicle without a warrant if it 'is readily mobile and probable cause exists to believe it contains contraband' or evidence of criminal activity." (*People v. Johnson* (2018) 21 Cal.App.5th 1026, 1034.) Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." (*Ornelas v. U.S.* (1996) 517 U.S. 690, 696.) "Once an officer has probable cause to search the vehicle under the automobile exception, they 'may conduct a probing search of compartments and containers within the vehicle whose contents are not in plain view.'" (*McGee*, *supra*, 53 Cal.App.5th at p. 801.) Moreover, " '[w]here such probable cause exists, a law enforcement officer may search the vehicle "irrespective of whether [the offense] is an infraction and not an arrestable offense." ' " (*Id.* at p. 805, quoting *People v. Fews* (2018) 27 Cal.App.5th 553, 564.)

Here, when the officers approached Castro's car because of the expired registration, Officer Zendejas noticed a "strong odor" of "burnt marijuana" emanating from the car. Officer Zendejas exited the patrol car to contact the driver (Castro), and he observed the two male passengers who he knew to be minors based on prior encounters with them. It is unlawful for a person under 21 years of age to possess any amount of recreational marijuana. (See Health & Saf. Code, § 11357.) Officer Zendejas

asked Castro if they were smoking, and Castro responded affirmatively, adding that he had smoked marijuana two hours earlier. Castro also told Officer Zendejas that he was 20 years old. Officer Zendejas testified he "had reason to believe that there was still marijuana in [Castro's] car based on the current smell of marijuana coming from inside the car," and Castro's admission he had smoked marijuana. We conclude Officer Zendejas had probable cause to search Castro's car because, under these facts and circumstances, his belief that contraband or evidence of a crime (e.g., marijuana) would be found in the car was reasonable.

In his opening appellate brief, Castro asserts, "In light of the passage of Proposition 64, police may no longer search an automobile simply because they smell marijuana inside a vehicle stopped for an expired registration." Castro criticizes the trial court for relying on a pre-Proposition 64 case in declining to suppress the evidence. Proposition 64, and the cases Castro cites which discuss Proposition 64 in relation to warrantless vehicle searches, however, are inapplicable here.

"In 2016, the voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which legalized the possession of up to 28.5 grams of cannabis *by individuals 21 years or older*. (Health and Saf. Code, § 11362.1, subd. (a)(1).)" (*Blakes v. Superior Court* (2021) 72 Cal.App.5th 904, 911, italics added.) Health and Safety Code section 11362.1, added by Proposition 64, " 'fundamentally changed the probable cause determination by specifying *lawfully possessed cannabis* is "not contraband" and *lawful conduct* under the statute may not " 'constitute the basis for detention, search or arrest.' " [Citation.]' [Citation.] But this applies only to activities 'deemed

8

lawful' by Proposition 64." (*Blakes*, at p. 911, italics added.) It was *unlawful* for Castro and his minor passengers to possess any amount of recreational marijuana due to their age.

Castro asserts in his opening appellate brief that the "police could neither arrest nor cite [him] for underage smoking of marijuana committed outside their presence." This assertion is immaterial to the legal question before us—whether the officers had probable cause to search Castro's car under the automobile exception. We are not evaluating a search incident to an arrest and, as explained above, where probable cause to search a vehicle under the automobile exception exists, " 'a law enforcement officer may search the vehicle "irrespective of whether [the offense] is an infraction and not an arrestable offense." ' " (*McGee*, *supra*, 53 Cal.App.5th at p. 805.)

Based on the "strong odor" of "burnt marijuana" emanating from Castro's car, Castro's admission he had smoked marijuana, and the fact all occupants of the car were under 21 years of age, the officers had probable cause to believe they would find contraband or evidence of a crime (e.g., marijuana possessed by someone under 21) in the car. We are unpersuaded by Castro's argument that probable cause did not exist because he told Officer Zendejas he had smoked marijuana two hours before. Officer Zendejas's belief "that there was still marijuana in the car based on the current smell of marijuana coming from inside the car" was reasonable under the circumstances of this case. Accordingly, we conclude the officers had probable cause to search the car under the automobile exception, and the trial court did not err in declining to suppress the evidence from the vehicle search.

**DISPOSITION**

The judgment is affirmed.


                                        CHANEY, J.


We concur:



        ROTHSCHILD, P. J.



        WEINGART, J.*

---

        * Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10

Filed 12/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B318174 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA094950) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| PHILLIP CASTRO, | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

The opinion in the above-entitled matter filed on November 18, 2022, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in judgment.

_____

ROTHSCHILD, P. J.        CHANEY, J.        WEINGART, J.